

Marc S. Hepworth
Charles Gershbaum
HEPWORTH, GERSHBAUM & ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone:     (212) 545-1199
Facsimile:     (212) 532-3801
Charles@hgrlawyers.com
Marc@hgrlawyers.com

Attorneys for Plaintiff, DROR MAGORI, and the Putative Classes

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

DROR MAGORI, individually and on behalf
of all other similarly situated current and former
employees,

                                             Plaintiffs,

                  -against-

GREENPOINT FINANCIAL CORP., GREENPOINT
BANK, GREENPOINT MORTGAGE CORP.,
GREENPOINT MORTGAGE FUNDING, INC.,
NORTH FORK BANCORPORATION, INC., NORTH
FORK BANK, and CAPITAL ONE FINANCIAL
CORPORATION,

                            Defendants.
-------------------------------------------------------------X

CLASS ACTION and
COLLECTIVE ACTION
COMPLAINT

Civil Action No.:

Jury Trial Requested

        Plaintiff, DROR MAGORI, (hereinafter "Plaintiff"), individually and on behalf of all

others similarly situated, by and through his attorneys of record, alleges upon information and

belief as follows:

## PRELIMINARY STATEMENT

       1.      Defendant, GreenPoint Financial Corp., is a bank holding company which

consists of two primary businesses – a New York retail bank and a national mortgage business..

Defendant's, GreenPoint Financial Corp.'s, bank subsidiary is defendant, GreenPoint Bank, a

New York State chartered savings bank and is the second largest thrift depository in the Greater New York area with $13 billion in deposits in 93 branches serving more than 475,000 households.. Defendant's, GreenPoint Financial Corp.'s, mortgage subsidiary is defendant, GreenPoint Mortgage Corp., a New York, corporation, headquartered in Charlotte, North Carolina, which originates a wide variety of loans.

2.      Defendant, GreenPoint Financial Corp., offered a variety of financial services and products including personal and retail banking, small business, commercial and residential loans.

3.      Defendant's, GreenPoint Financial Corp.'s, mortgage subsidiary, defendant, GreenPoint Mortgage Corp., was the national lender in "no-doc" or "low-doc" loans. By 1998, defendant, GreenPoint Mortgage Corp., was the second ranking originator and servicer of manufactured home loans in the United States.

4.      In late 2004, defendant, North Fork Bancorporation, Inc., acquired defendant, GreenPoint Financial, Corp., including its banking and mortgage subsidiaries, defendants, GreenPoint Bank and GreenPoint Mortgage Corp.

5.      Defendant, North Fork Bancorporation, Inc., is a regional bank holding company organized under the laws of the State of Delaware and registered as a "bank holding company" under the Bank Holding Company Act of 1956, as amended. Defendant's, North Fork Bancorporation, Inc.'s, primary bank subsidiary is defendant, North Fork Bank. Defendant's, North Fork Bancorporation, Inc.'s, nationwide mortgage subsidiary is defendant, GreenPoint Mortgage Funding, Inc.

6.      Defendant, North Fork Bancorporation, Inc., offered a full range of banking products and financial services to consumer and commercial customers. By 2006, defendant, North Fork Bancorporation, Inc., operated more than 350 retail bank branches in the New York

Metropolitan area as well as operated its nationwide mortgage business, defendant, GreenPoint Mortgage Funding, Inc.

7.    In 2006, defendant, Capital One Financial Corporation, acquired defendant, North Fork Bancorporation, Inc., including its acquired subsidiaries, defendants, GreenPoint Financial Corp., GreenPoint Bank, GreenPoint Mortgage Corp., North Fork Bancorporation, North Fork Bank, and GreenPoint Mortgage Funding, Inc. (hereinafter collectively "defendants"). As a result of this 2006 acquisition, defendants, GreenPoint Financial Corp., GreenPoint Bank, GreenPoint Mortgage Corp., North Fork Bancorporation, Inc., North Fork Bank, and GreenPoint Mortgage Funding, Inc., became wholly owned subsidiaries of defendant, Capital One Financial Corporation.

8.    Defendant, Capital One Financial Corporation, a diversified financial services company with banking and non-banking subsidiaries that market a variety of financial products and services, is a federally chartered savings bank and financial holding company. Defendant, Capital One Financial Corporation, offers a broad spectrum of financial products and services to consumers, small businesses and commercial clients including retail banking, small business and middle market commercial loans, multi-family loans, residential mortgage loans, wealth management, home equity loans and lines of credit, auto loans, and insurance.

9.    In August 2007, defendant, Capital One Financial Corporation, closed down its mortgage origination operations for defendants, GreenPoint Financial Corp., GreenPoint Bank, GreenPoint Mortgage Corp., and its wholesale mortgage banking unit for defendant, GreenPoint Mortgage Funding, Inc.

10.    Defendant, GreenPoint Financial Corp., is a Delaware business corporation having its principal executive offices located in New York, New York.

11.    Defendant, GreenPoint Bank, was a New York State chartered savings bank.

12.    Defendant, GreenPoint Mortgage Corp., is a New York business corporation having its principal executive offices located in Charlotte, North Carolina.

13.    Defendant, GreenPoint Mortgage Funding, Inc., is a New York business corporation having its principal executive offices located in Larkspur, California.

14.    Defendant, North Fork Bancorporation, Inc., is a Delaware business corporation having its principal executive offices located in Melville, New York.

15.    Defendant, North Fork Bank,    operated over 350 branches located in the New York Metropolitan area, through which a full range of banking products and services were provided to both commercial and consumer clients.

16.    Defendant, Capital One Financial Corporation, is a Delaware business corporation having its principal executive offices located in McLean, Virginia.

17.    Plaintiff, DROR MAGORI, is an individual who was employed by Defendants from 2006 to September 2007 as a "loan officer/consultant." Plaintiff was misclassified as an exempt employee and was thereby erroneously denied overtime compensation and minimum wage as required by state and federal wage and hour laws.

18.    Plaintiff brings this action on behalf of himself and all other similarly situated current and former employees of Defendants in the position of "loan officer/consultant" and other similarly titled positions who were misclassified as exempt employees and thereby erroneously denied minimum wage and overtime compensation in accordance with the Fair Labor Standards Act ("FLSA") and state laws.

19.    For at least three years prior to the filing of this Complaint, Defendants have willfully committed widespread violations of the FLSA by failing to pay "loan

officers/consultants" minimum wage and premium pay for overtime hours worked in excess of forty hours per week at a rate of one and one half times their regular rate of pay.

20.     In addition to nationwide FLSA claims, Plaintiff also brings claims under the laws of the State of New York, on behalf of all similarly situated current or former "loan officers/consultants" of Defendants who worked in the State of New York, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of New York Labor Law, Article 19 §§ 650, et seq., and the supporting New York State Department of Labor regulations (together, "NYLL").

21.     By virtue of the misclassification of their employees as "exempt" and the consequential erroneous denial of minimum wage and overtime compensation, Defendants have willfully engaged in a pattern, practice, and policy of unlawful conduct in violation of these employees' rights under the laws of New York and the FLSA.  Plaintiff and similarly situated current or former "loan officers/consultants" of Defendants in New York and across the United States are entitled to at least minimum wage for all hours worked and overtime compensation for all hours worked beyond forty in a workweek.

THE PARTIES

22.     Plaintiff, DROR MAGORI, at all relevant times herein, was and still is a resident of the State of New York. Plaintiff was employed by Defendants as a "loan officer/consultant" from approximately 2006 to September 2007. Plaintiff worked out of Defendants various offices located in the New York Metropolitan area.

23.     As a "loan officer/consultant," Plaintiff regularly worked in excess of forty hours per week and did not receive minimum wage and proper overtime compensation for all hours

worked. Plaintiff is, and at all relevant times herein was, a member of the Collective, New York class described below.

24.     Defendant, GreenPoint Financial Corp., is a Delaware business corporation having its principal executive offices located in New York, New York. Defendant, GreenPoint Financial Corp., is the parent company of banking subsidiary, defendant, GreenPoint Bank, and mortgage subsidiary, defendant, GreenPoint Mortgage Corp. Defendants, GreenPoint Financial Corp., GreenPoint Bank, and GreenPoint Mortgage Corp., were acquired by defendant, North Fork Bancorporation, Inc., in 2004.

25.     Defendant, North Fork Bancorporation, Inc., is a Delaware business corporation having its principal executive offices located in Melville, New York. Defendant, North Fork Bancorporation, Inc., is the is the parent company of banking subsidiary, defendant, North Fork Bank, mortgage subsidiary, defendant, GreenPoint Mortgage Funding, Inc., and by 2004 acquisition, defendants, GreenPoint Financial Corp., GreenPoint Bank, and GreenPoint Mortgage Corp. Defendants GreenPoint Financial Corp., GreenPoint Bank, GreenPoint Mortgage Corp., North Fork Bancorporation, Inc., North Fork Bank and GreenPoint Mortgage Funding, Inc., were acquired by defendant, Capital One Financial Corporation, in 2006.

26.     Defendant, Capital One Financial Corporation, is a Delaware business corporation having its principal executive offices located in McLean, Virginia. Defendants GreenPoint Financial Corp., GreenPoint Bank, GreenPoint Mortgage Corp., North Fork Bancorporation, Inc., North Fork Bank and GreenPoint Mortgage Funding, Inc., are wholly owned subsidiaries of defendant, Capital One Financial Corporation.

27.     At all relevant times herein, Defendants were and/or still are:

a.  Licensed to do business and doing business in the Cities, Counties, and State of New York;

b.  The employers of Plaintiff and the proposed Classes;

c.  Responsible for maintaining control, oversight and direction over the operation of their branches/offices, including their employment practices;

d.  Engaged in the employment of "loan officers/consultants" including the named Plaintiff and members of the prospective classes;

e.  Covered employers within the meaning of the FLSA and New York State law; and

f.  Responsible for misclassifying current and former "loan officers/consultants" as "exempt" employees and thereby erroneously denying them minimum wage and overtime compensation.

## JURISDICTION AND VENUE

28.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, 29 U.S.C. § 216(b).

29.   This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  This is a putative class action in which: (1) there are 100 or more members in Plaintiff's proposed classes; (2) at least some members of the proposed classes have a different citizenship from Defendants; and (3) the value of the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

30.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law wage and hour law claims because those claims derive from a common nucleus of operative facts.

31.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

32.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because (i) Defendants reside in this district and (ii) a substantial part of the events giving rise to the claims occurred in this district. Defendants operate their home loan officers/centers in many counties, including New York County.  Events giving rise to claims presented in this Complaint took place in New York, New York, and other locations in New York and other states.

## FLSA COLLECTIVE ACTION ALLEGATIONS

33.     Plaintiff, DROR MAGORI, brings this action on behalf of himself and other similarly situated employees as authorized under FLSA § 16(b) [29 U.S.C. § 216(b)].

34.     Description of the Nationwide FLSA Class: The employees similarly situated are all persons who are or have been employed by Defendants as a "loan officers/consultants" (also referred to as "loan originators" or "loan officers") who were classified as exempt employees at any time three years prior to the filing of this Complaint, to the entry of judgment in this case (the "Nationwide FLSA Class" and the "FLSA Class Period", respectively).

35.     Upon information and belief, Defendants paid Plaintiff and the Nationwide FLSA Class strictly on a commission basis and suffered and permitted them to work more than forty hours per week as "loan officers/consultants" without overtime compensation, and at times,

failed to pay them the federal minimum wage. Defendants' unlawful conduct has been widespread, repeated and consistent.

36.     Upon information and belief, Defendants knew that Plaintiff and the Nationwide FLSA Class were improperly classified as "exempt" employees and performed work that required overtime pay. Defendants have operated under a scheme to deprive these employees of minimum wage and overtime compensation by failing to properly classify Plaintiff and the Nationwide FLSA Class as "non-exempt" and appropriately compensate them for all hours worked.

37.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Nationwide FLSA Class.

38.     Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Nationwide FLSA Class, and as such, notice should be sent to the Nationwide FLSA Class. There are numerous similarly situated, current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## NEW YORK CLASS ALLEGATIONS

39.     Plaintiff, DROR MAGORI, brings this action as a class action pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

40.     <u>Description of the New York Rule 23 Class:</u> The New York Rule 23 Class is defined as "all persons who are or have been employed by Defendants as a "loan officers/consultants (also referred to as "loan originators" or "loan officers") in the State of New

York who were classified as exempt employees at any time from six years prior to the filing of this Complaint to the entry of judgment in the case" (the "New York Rule 23 Class" and "New York Class Period," respectively).

41.     Numerosity: The persons in the New York Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendants have employed at least at least one hundred persons who satisfy the definition of the New York Rule 23 Class.

42.     Common Questions of Law and Fact: The employment policies, practices, and agreements of Defendants raise questions of law and fact common to this New York Rule 23 Class that predominate over any questions solely affecting individual members, including but not limited to:

   a.  Whether Defendants unlawfully failed to pay minimum wage and/or overtime compensation for work performed in excess of 40 hours per workweek in violation of and within the meaning of New York Labor Law, New York Labor Law Article 6, §§ 190 et seq., the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142;

   b.  Whether the Plaintiff and the New York Rule 23 Class were misclassified as exempt from overtime laws and entitled to minimum wage and overtime compensation for hours worked under the pay requirements of New York Law;

   c.  Whether Defendants employed Plaintiff and the New York Rule 23 Class within the meaning of the New York Labor Law;

    d.  Whether Defendants failed to keep accurate time records for all hours worked by Plaintiff and the New York Rule 23 Class;

    e.  Whether Defendants have engaged in a pattern, practice, or policy of failing to pay Plaintiff and the New York Rule 23 Class for all hours worked in excess of 40 hours per workweek;

    f.  The proper measure of damages sustained by the New York Rule 23 Class; and

    g.  Whether Defendants should be enjoined from such violations in the future.

43.    <u>Typicality of Class Plaintiff's Claims</u>: Plaintiff's claims are typical of those of the New York Rule 23 Class.

    a.  Plaintiff's claims encompass the challenged practices and course of conduct of Defendants;

    b.  Plaintiff's legal claims that arise out of the alleged course of conduct by Defendants are based on the same legal theories as the claims of the unnamed members of the New York Rule 23 Class.  The legal issues as to which federal and state laws are violated by such conduct apply equally to Plaintiff and other members of the New York Rule 23 Class.

44.    <u>Typicality of Class Plaintiff's Claims</u>: Plaintiff's claims are typical of those of the New York Rule 23 Class.

45.    <u>Protection of Class Interests</u>: Plaintiff will fairly and adequately protect the interests of the New York Rule 23 Class and has retained counsel experienced in complex wage and hour class and collective action litigation.

46.    Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant. The members of the New York Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual New York Rule 23 Class members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

47.    Declaratory and Injunctive Relief: Class certification of the New York Rule 23 Class is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the New York Rule 23 Class, thereby making declaratory and injunctive relief appropriate. The New York Rule 23 Class is also entitled to injunctive relief to end Defendants' common and uniform practice of failing to compensate its employees for all work performed for the benefit of Defendants.

48.    Plaintiff intends to send notice to all members of the New York Rule 23 Class to the extent required by Fed. R. Civ. P.23.

FIRST CLAIM FOR RELIEF
FAIR LABOR STANDARDS ACT
On Behalf of the Nationwide FLSA Class

49.    Plaintiff, DROR MAGORI, and the Nationwide FLSA Class allege and incorporate by reference the allegations in the preceding paragraphs.

50.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendants have employed and/or continue to employ, employees, including Plaintiff and each of the Nationwide FLSA Class members. Upon information and belief, at all relevant times Defendants have had gross operating revenues in excess of $500,000.00.

51.     Plaintiff, DROR MAGORI, has consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

52.     The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

53.     The FLSA also requires each covered employer such as Defendants to pay the minimum wage for all hours worked.

54.     Plaintiff and the other Nationwide FLSA Class members were entitled to be paid at least the minimum wage and overtime compensation for all hours worked.

55.     During their employment with Defendants, Plaintiff and the other Nationwide FLSA Class members worked in excess of forty hours per workweek without overtime compensation. Despite these hours worked by Plaintiff and the Nationwide FLSA Class members, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed to pay them overtime compensation.

56.    Specifically, Defendants misclassified its "loan officer/consultant" employees as exempt, and willfully denied them overtime compensation despite its knowledge of 29 C.F.R. 541.301(e)(7).

57.    Pursuant to its policies and practices, Defendants have failed to pay Plaintiff and the Nationwide FLSA Class minimum wage and overtime compensation.

58.    By failing to compensate Plaintiff and the Nationwide FLSA Collective minimum wage and overtime compensation, Defendant has violated, and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*

59.    By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Nationwide FLSA Class members, Defendants have failed to make, keep or preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

60.    As alleged, the foregoing conduct constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

61.    Plaintiff, on behalf of himself and the Nationwide FLSA Class, seeks damages in the amount of his unpaid overtime compensation, minimum wage, liquidated damages, plus interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b), and such other legal and equitable relief as the Court deems just and proper.

62.    Plaintiff, on behalf of himself and the Nationwide FLSA Class, seeks recovery of attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

SECOND CLAIM FOR RELIEF
NEW YORK LABOR LAW
New York Labor Law Article 19, §§ 650 *et seq.*; 12 N.Y.C.R.R. Part 142
On Behalf of Plaintiff, DROR MAGORI, and New York Rule 23 Class

63.     Plaintiff, DROR MAGORI, and the New York Rule 23 Class allege and incorporate by reference the allegations in the preceding paragraphs.

64.     At all times relevant to this action, Plaintiff and the New York Rule 23 Class were employed by Defendants within the meaning of New York Labor Law, Article 19.

65.     By the course of conduct set forth above, Defendants have violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 (collectively, "New York Labor Laws").

66.     New York Labor Laws requires an employer, such as Defendants, to pay the minimum wage and overtime compensation to all non-exempt employees. The New York Labor Law also requires an employer to pay employees for all hours worked at the agreed upon rate of pay.

67.     Defendants have had a policy and practice of failing and refusing to pay minimum wages and proper overtime pay for hours worked in excess of 40 hours per week to Plaintiff and to the New York Rule 23 Class.

68.     As a result of Defendants' failure to pay wages earned and due, and its decision to withhold wages earned and due to Plaintiff and the New York Rule 23 Class, Defendants have violated and continue to violate New York Labor Law.

69.     Plaintiff, on behalf of himself and the New York Rule 23 Class, seek the amount of their underpayments based on Defendants' failure to pay wages of at least the minimum wage for all hours worked, and one and one half times the regular rate of pay for work performed in excess of forty per week, as provided by the New York Labor Law, and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper. Plaintiff does not seek liquidated damages on behalf of the New York Rule 23 Class.

70.     Plaintiff, on behalf of himself and the New York Rule 23 Class, seeks recovery of attorneys' fees and costs to be paid by Defendants as provided by New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DROR MAGORI, on behalf of himself and all members of the Nationwide FLSA Class, prays for relief as follows:

A.   Designation of this action as a collective action on behalf of the Nationwide FLSA Class members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.   Designation of Plaintiff, DROR MAGORI, as Class Representative of the Nationwide FLSA Class ;

C.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D.   An injunction against Defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

E.   An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F.   Costs of action incurred herein, including expert fees;

G.   Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

H.  Pre-Judgment and Post-Judgment interest, as provided by law; and

I.   Such other legal equitable relief as this Court deems necessary, just, and proper.

WHEREFORE, Plaintiff, DROR MAGORI, on behalf of himself and all members of the New York Class, prays for relief as follows:

A.  Certification of this action as a class action on behalf of each proposed Class;

B.  Designation of Plaintiff, DROR MAGORI, as a Class Representative of the New York Class he seeks to represent;

C.  A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

D.  Appropriate equitable and injunctive relief to remedy Defendants' violations of state law, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

E.  Appropriate statutory penalties;

F.  An award of damages, liquidated damages (the New York Rule 23 Class does not seek liquidated damages), and restitution to be paid by Defendants according to proof;

G.  Restitution;

H.  Pre-Judgment and Post-Judgment interest, as provided by law;

I.   Such other injunctive and equitable relief as the Court may deem just and proper; and

J.  Attorneys' fees and costs of suit, including expert fees and fees.

<u>DEMAND FOR JURY TRIAL</u>

17

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, individually and on behalf of all others similarly situated, demands a trial by jury.

Dated: August 19, 2010
     New York, New York

                       HEPWORTH, GERSHBAUM & ROTH, PLLC

                       Marc S. Hepworth
                       Charles Gershbaum
                       192 Lexington Avenue, Suite 802
                       New York, New York 10016
                       Telephone:   (212) 545-1199
                       Facsimile:   (212) 532-3801
                       Marc@hgrlawyers.com

                       Attorneys for Plaintiff and the Putative Classes