McGuireWoods LLP
1345 Avenue of the Americas
7th Floor
New York, NY 10105
Phone: 212.548.2100
www.mcguirewoods.com

Michael J. DiMattia
Direct: 212.548.7009

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/18/10

**MEMO ENDORSED**

McGUIREWOODS

mdimattia@mcguirewoods.com
Direct Fax: 212.715.2312

October 14, 2010

**VIA BY HAND**

Hon. William H. Pauley III, United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Room 2210, Courtroom 11D
New York, NY 10007



RECEIVED
CHAMBERS OF
WILLIAM H. PAULEY
U.S.D.J.

Re:    *Magori v. Greenpoint Financial Corp., et al.*, S.D.N.Y. Case No. 10 CIV 6262

Dear Judge Pauley,

We are counsel for Defendants Greenpoint Mortgage Corp., Greenpoint Financial Corp., Greenpoint Mortgage Funding, Inc., North Fork Bancorporation., Inc. and Capital One Financial Corporation (collectively, "Defendants"), who hereby request an adjournment of the Initial Pretrial Conference in the above-referenced action. More specifically, pursuant to Rule 1.E of Your Honor's Individual Rules of Practice, Defendants submit the following in support of their request for said adjournment:

**(1)    The Original Date**

The Initial Pretrial Conference is presently scheduled for October 21, 2010 at 9:45 a.m., pursuant to Your Honor's October 6, 2010 Order for Initial Pretrial Conference (Dkt. #7).

**(2)    Reasons For The Adjournment**

Yesterday, October 13, 2010, Defendants submitted to Your Honor a letter requesting a pre-motion conference for their anticipated Motion to Dismiss or, in the alternative, for Summary Judgment or Partial Summary Judgment (the "Motion"). As stated in that letter, the basis for the Motion as presently contemplated is as follows:

A.    Plaintiff's putative collective action claim under the Fair Labor Standards Act ("FLSA") is time-barred; and/or

B.    Plaintiff's New York Labor Law putative class action claim is barred by a prior release;[1] or

C.    Plaintiff's Complaint is predicated solely on conclusory allegations of legal violations and, thus, fails to satisfy the pleading requirements of FRCP Rule 8.

---

[1] A copy of the release is attached as Exhibit A to Defendants' October 13th letter.

Hon. William H. Pauley III
October 14, 2010
Page 2

The afternoon of October 13, 2010, counsel for the parties discussed the foregoing grounds for the Motion. Plaintiff's counsel has indicated that Plaintiff will likely withdraw the FLSA collective action claim. However, with respect to the New York Labor Law claim, although Plaintiff's counsel does not dispute that Plaintiff has in fact executed a release in favor of Defendants, he disputes that it in fact is effective to release Plaintiff's New York Labor Law wage claims under New York case law. We are currently awaiting receipt of such authorities from Plaintiff's counsel. However, notwithstanding that it is unlikely that any such authority can be proffered, Plaintiff's release is expressly governed by Virginia law and has a Virginia forum selection clause.[2] Therefore, absent a drastic departure from Plaintiff's counsel's current views on the efficacy of Plaintiff's release vis-à-vis his New York Labor Law claims, we expect that the Motion will need to be briefed, heard and decided by Your Honor.[3]

Accordingly, Defendants respectfully submit that it would be a waste of both the Court's and the parties' resources to hold the Initial Pretrial Conference on October 21, 2010, and to schedule this case before these fundamental threshold legal issues are addressed and adjudicated by the Court in connection with the Motion. Indeed, no discovery is needed to adjudicate them and, under the Supreme Court's decision in Iqbal, discovery by the Plaintiff is not permitted during the pendency of a motion challenging the sufficiency of a Complaint under Fed. R. Civ. P. 8. Therefore, Defendants respectfully request that Your Honor adjourn the Initial Pretrial Conference, subject to being reset if needed after Your Honor rules on the Motion. 

Defendants also submit that the need to adjourn the Initial Pretrial Conference under these circumstances is further supported by the fact that their lead counsel in this action, my partner Matthew Kane who is resident in our firm's Los Angeles office and has a motion for admission *pro hac vice* pending before Your Honor (Dkt. #8), would have to work on preparation of the parties' Joint Report and travel to New York on very short notice to personally appear for the Conference.[4] While this could be somewhat alleviated if the Court were to allow Mr. Kane to appear at the Conference telephonically in the event the Court does not wish to adjourn it (in which case we request permission for Mr. Kane to appear telephonically), it would ultimately be more efficient to adjourn the Conference in order to address the Motion first. Alternatively, we would request that in lieu of holding the Initial Pretrial Conference on October

---

[2] Any state law challenges Plaintiff may have to the release may also be preempted by ERISA.

[3] Plaintiff's counsel also disputes that the threadbare, factually devoid and conclusory allegations of the Complaint fail to satisfy the pleading requirements under Fed. R. Civ. P. 8, but has as yet to explain the reasons for this dispute. Plaintiff's counsel has yet to address the fact that Plaintiff has overpled his Complaint against all but one of the named entity Defendants, which were never his employer and all but one of which ceased to exist prior to his even becoming employed by Defendant Greenpoint Mortgage Funding, Inc. (the entity which actually employed him).

[4] Although the Court entered its Order for Initial Pretrial Conference on Wednesday, October 6, 2010, Plaintiffs' counsel did not inform us about it until five days later on Monday, October 11, 2010, with the parties' Joint Report due just three days later on October 14, 2010. Since the Defendants have not yet filed a responsive pleading or entered an appearance, we did not receive an ECF notification of the conference.

Hon. William H. Pauley III
October 14, 2010
Page 3

21, 2010, that the Court instead use that date to hold the pre-motion conference Defendants have requested for their Motion, with Mr. Kane being allowed to appear and attend telephonically.[5]

### (3) The Number Of Previous Requests & Whether They Were Granted

Neither party has requested an adjournment of the Initial Pretrial Conference. However, on September 20, 2010, the parties submitted a Stipulation to Your Honor enlarging Defendants' responsive pleading deadline to October 18, 2010, other than that of Capital One Financial Corporation, which will be the subject of a separately-submitted Stipulation providing for the same response deadline. To date, Your Honor has neither So Ordered nor denied approval of that Stipulation.

### (4) Whether The Adversary Consents And, If Not, Why The Adversary Refuses

On October 13, 2010, we requested that Plaintiffs' counsel consent to the above-requested adjournment of the Initial Pretrial Conference, but they declined to do so without explanation.

### (5) Times And Dates On Succeeding Fridays When All Counsel Are Available

Defendants are proposing that Your Honor either defer setting a new date for the Initial Pretrial Conference until after ruling on the Motion (which ruling may obviate the need for it), or provide in Your Honor's order scheduling briefing and a hearing on the Motion for a date thereafter for the Conference to be held if necessary.

Sincerely,

McGuireWoods LLP

Michael J. DiMattia

cc: Marc S. Hepworth, Esq. (marc@hgrlawyers.com)
Charles Gershbaum, Esq. (charles@hgrlawyers.com)
Matthew C. Kane

*Handwritten note by Judge:* Application Denied. However, Mr. Kane may appear telephonically as long as Mr. DiMattia appears in person. The time to respond to the complaint is

SO ORDERED: Adjourned until after the conference

WILLIAM H. PAULEY III U.S.D.J.
10/18/10

---

[5] If Your Honor so prefers, undersigned, Michael J. DiMattia would personally appear before Your Honor concurrently with Mr. Kane's telephonic appearance.